**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF JUSTICE,<br><br>Defendants. | No. 16-cv-672<br><br>ECF Case |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**Introduction**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 522 ("FOIA"), for injunctive and other appropriate relief seeking the release of agency records about "Countering Violent Extremism" ("CVE") efforts conducted by the Department of Homeland Security ("DHS"), the Department of Justice ("DOJ"), and their components, the Federal Emergency Management Agency ("FEMA"), the Federal Bureau of Investigation ("FBI"), and the Executive Office for United States Attorneys ("EOUSA").

2. In 2014, the White House launched a series of "Countering Violent Extremism" initiatives based on President Obama's August 2011 National Strategy for Empowering Local Partners to Prevent Violent Extremism in the United States and

related implementation plan. CVE aims to deploy the resources of the federal government – both law enforcement and social services – to encourage and assist American Muslim communities in identifying persons who hold might hold extremist views and be at risk of becoming violent. The initiative also encompasses research to identify markers of someone who might be becoming a terrorist and efforts to support American Muslims in developing a counter-narrative to the messages put forward by groups like Al Qaeda and the Islamic State.

3. At the federal level, the initiative is an interagency effort, described as a partnership between the White House, DOJ, DHS, and the National Counterterrorism Center.

4. On September 15, 2014, Attorney General Eric Holder announced a two-day White House summit on CVE as well as the creation of CVE "pilot" programs in three locations: Los Angeles, Boston, and Minneapolis-St. Paul.

5. The White House designated U.S. Attorney's Offices as the leaders of federal CVE engagement efforts in these pilot locations. See Exec. Office of the President, Strategic Implementation Plan for Empowering Local Partners to Prevent Violent Extremism in the United States 8 (2011). Consequently, the U.S. Attorney's Offices for the District of Massachusetts, Minnesota, and the Central District of California have coordinated CVE working groups and task forces in the pilot cities of Boston, Minneapolis-St. Paul, and Los Angeles respectively. Based on this information,

the Brennan Center for Justice at New York University School of Law ("Brennan Center") requested documents from each of the three U.S. Attorney's Offices concerning their roles in the CVE initiative.

6. The FBI has a designated CVE Office ("CVEO") that "supports and guides field offices in implementing local CVE initiatives." The CVEO further "draws from a variety of behavioral models to identify individuals susceptible to radicalization and to thwart efforts before those persons mobilize." And the CVEO, in conjunction with other government agencies, implements Community Resilience Exercises ("CREX") which "promote[] community awareness through an understanding of the catalysts to extremism and formulate[] ways communities and law enforcement agencies can identify and respond to radicalized behaviors." FBI National Security Branch, A New Approach to Countering Violent Extremism: Sharing Expertise and Empowering Local Communities (2014). Based on this information, the Brennan Center requested documents from the FBI concerning its role in the CVE initiative.

7. DHS plays a key role in the federal CVE initiative. It has established local envoys in the CVE pilot cities to coordinate government engagement. It has also created a CVE Working Group, led by a CVE Coordinator to oversee and coordinate the Department's CVE activities. Several components of DHS participate in the Working Group, including the Office of Civil Rights and Civil Liberties ("CRCL"), the Office of Intelligence and Analysis ("I&A"), and the Federal Emergency Management Agency ("FEMA"). In September 2015, DHS established an Office for Community Partnerships

responsible for "find[ing]…ways to support communities that seek to discourage violent extremism…" in conjunction with CRCL. I&A provides information and intelligence to federal, state, and local law enforcement partners relevant to CVE. And FEMA is responsible for awarding grants to state and local entities for the purpose of funding CVE efforts. Based on this information, Brennan Center requested documents from each of these DHS components concerning their roles in the CVE initiative.

8. Obtaining the requested information about CVE is a matter of urgent concern for the Brennan Center. The Brennan Center has published a series of reports relating to CVE and the role of state and local police in counterterrorism. See, e.g., Michael Price, Community Outreach or Intelligence Gathering? (2015); Michael Price, National Security and Local Police (2013); Faiza Patel, Rethinking Radicalization (2011). The Brennan Center is also actively engaged in public education and debate about the potential problems associated with the ongoing CVE initiative. *See, e.g.*, Faiza Patel, New Government Program to Root Out Extremists is Seriously Flawed, Wash. Post, Feb. 18, 2015; Michael German, CVE Efforts Should Be Based on Facts, Not Flawed Theories, Just Security (Feb. 19, 2015), https://www.justsecurity.org/20194/guest-post-cve-efforts-based-facts-flawed-theories/; Faiza Patel, Obama's Response to Ahmed Mohamed's Clock Is Hypocritical, Time (Sept. 20, 2015), http://time.com/4041210/obamas-response-to-ahmed-mohameds-clock-is-hypocritical/. The Brennan Center plans to publish further analysis and commentary about the CVE initiative using the information it gathers through the FOIA requests it seeks to enforce in this action.

9. Disclosure of the documents requested by the Brennan Center will allow

the organization to present an accurate understanding of the CVE initiative to the public in its future work. The Brennan Center seeks information about policies, procedures, funding, and constitutional safeguards, not operational details. The public has a right to know about the government's highly publicized, ongoing efforts to counter violent extremism in the United States. The Brennan Center therefore requests expeditious treatment of this Complaint pursuant to 28 U.S.C. § 1657.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 2201(a), and 28 U.S.C. § 2202.

11. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is in Manhattan, New York, within this district.

## Parties

12. Plaintiff Brennan Center for Justice at New York University School of Law is a non-profit, non-partisan corporation, organized under section 501(c)(3) of the Internal Revenue Code. The Brennan Center is a nonpartisan research and policy institution at New York University School of Law that is focused on fundamental issues of democracy and justice. The Center's Liberty and National Security ("LNS") Program uses innovative policy recommendations, litigation, and public advocacy to advance effective national security policies that respect the rule of law and constitutional values. The LNS Program is particularly concerned with ensuring that domestic surveillance and

counterterrorism policies are properly targeted to the threat and do not discriminate against particular communities.

13. Defendant Department of Homeland Security is a Department of the Executive Branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 522(f)(1). The Federal Emergency Management Agency is a component of DHS from which the Brennan Center has requested records.

14. Defendant Department of Justice is a Department of the Executive Branch of the U.S. government as is an agency within the meaning of 5 U.S.C. § 522(f)(1). The Federal Bureau of Investigation and the Executive Office for United States Attorneys are components of the DOJ from which the Brennan Center has requested records.

## Facts

15. This action involves 13 requests, all of which seek records concerning the CVE initiative. The requests are not general or identical; they are targeted and tailored to each of the Defendant agencies and their components and based on public sources describing their respective roles in CVE.

### DHS Requests

16. The Brennan Center submitted request **No. 2015-IAFO-00056** to the DHS Office of Intelligence and Analysis on December 23, 2014. The request sought the following records:

- All policies, procedures, and directives referencing DHS participation in CVE programs, including:
    - Documents referring to the envoy program.
    - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
    - Any other documents referring to CVE programs in:
        - Minneapolis
        - Saint Paul
        - Los Angeles
        - Boston

- All Memorandums of Understanding with outside agencies applicable to DHS participation in CVE programs, including:
    - Documents referring to the envoy program.
    - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
    - Any other documents referring to CVE programs in:
        - Minneapolis
        - Saint Paul
        - Los Angeles
        - Boston

17. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative, a subject of national importance and debate in the wake of reports concerning the threat of "homegrown" terrorism.

18. DHS acknowledged request No. 2015-IAFO-00056 on January 16, 2015, and invoked 5 U.S.C. § 552(a)(6)(B) to extend its response time to a full 30 business days. The Brennan Center repeatedly attempted to follow up on the status of the request with I&A by phone and email. The Brennan Center called FOIA officer Priscilla Waters on March 11, April 26, and June 1, 2015, but was directed to voicemail each time. On June 19, 2015, DHS stated that a search had produced a number of responsive records, some of which are "under the purview of another government agency," and promised a further response "upon receipt" of a "release recommendation" from that unnamed agency. The Brennan Center again followed up by phone on July 15 and July 27, and by email on November 18, 2015. As of the date of this filing, DHS has not provided the Brennan Center with a determination as defined by FOIA. Moreover, DHS has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

19. The Brennan Center submitted request **No. 2015-IAFO-00058** to the DHS Office of Intelligence and Analysis on December 24, 2014. The request sought the following records:

- Memoranda, PowerPoint slides, policies and guidelines created by the Office of Intelligence & Analysis (I&A) including those created by DHS Countering Violent Extremism Working Group citing, discussing or otherwise referring to the following:
  - The United Kingdom's Prevent Program;
  - The Montgomery County (Maryland) Intervention and Prevention of Violence Subcommittee;
  - The Montgomery County's Faith Community Working Group;
  - The Los Angeles Countering Violent Extremism/ Interagency Coordination Group;
  - The FBI CVE Model referred to in the October 2014 FBI Law Enforcement Bulletin article entitled *A New Approach to Countering Violent Extremism: Sharing Expertise and Empowering Local Communities* ("the FBI CVE article"); and/or
  - FBI community action plans produced in the course of Community Resilience Exercises (CREX) referred to in the FBI CVE article.

- Written correspondences (including e-mails, regular mail and faxes) between I&A and Assistant to the President for Homeland Security and Counterterrorism Lisa Monaco relating to the research, analysis, preparation and delivery of her April

15, 2014 speech on "Countering Violent Extremism and the Power of Community" at the Harvard Kennedy School Forum.

20. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

21. DHS acknowledged Request No. 2015-IAFO-00058 on January 16, 2015, and invoked 5 U.S.C. § 552(a)(6)(B) to extend its response time to a full 30 business days. The Brennan Center repeatedly attempted to follow up on the status of the request with I&A by phone and email. The Brennan Center called FOIA officer Priscilla Waters on March 11, April 26, and June 1, 2015, but was directed to voicemail each time. On June 19, 2015, DHS stated that a search had produced a number of responsive records, some of which are "under the purview of another government agency," and promised a further response "upon receipt" of a "release recommendation" from that unnamed agency. The Brennan Center again attempted to follow up by phone on July 15 and July 27, and by email on November 18, 2015. As of the date of this filing DHS has not provided the Brennan Center with a determination as defined by FOIA. Moreover, DHS has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or

expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

22. Request **No. 2015-CRFO-00010** involves two separate requests that have been combined. The Brennan Center submitted the two requests to the Office of Civil Rights and Civil Liberties (CRCL) on December 23, 2014. The first request sought the following records:

- Memoranda, PowerPoint slides, policies and guidelines created by CRCL including those created by the DHS Countering Violent Extremism Working Group, referencing any of the following:
  - The United Kingdom's Prevent Program;
  - The Montgomery County (Maryland) Intervention and Prevention of Violence Subcommittee;
  - The Montgomery County's Faith Community Working Group;
  - The Los Angeles Countering Violent Extremism/Interagency Coordination Group;
  - The FBI CVE Model referred to in the October 2014 FBI Law Enforcement Bulletin article entitled *A New Approach to Countering Violent Extremism: Sharing Expertise and Empowering Local Communities*; and/or
  - FBI community action plans produced in the course of Community Resilience Exercises (CREX) referred to in the FBI CVE article.

- Written correspondences (including e-mails, regular mail and faxes) between CRCL and Assistant to the President for Homeland Security and Counterterrorism Lisa Monaco relating to the research, analysis, preparation and delivery of her April 15, 2014 speech on "Countering Violent Extremism and the Power of Community" at the Harvard Kennedy School Forum.

The second request to CRCL sought the following records:

- All policies, procedures, and directives referencing DHS participation in CVE programs, including:
  - Documents referring to the envoy program.
  - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
  - Any other documents referring to CVE programs in:
    - Minneapolis
    - Saint Paul
    - Los Angeles
    - Boston

- All Memorandums of Understanding with outside agencies applicable to DHS participation in CVE programs, including:
  - Documents referring to the envoy program.
  - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
  - Any other documents referring to CVE programs in:

- Minneapolis
- Saint Paul
- Los Angeles
- Boston

23. For both requests, the Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

24. On December 31, 2014, the Brennan Center received an email promising "a formal acknowledgment to the request [No. 2015-CRFO-00010] later today." The Brennan Center never received any such acknowledgement, but on January 9, 2015, DHS wrote to ask if the Brennan Center would consent to combine the requests due to their similar subject matter. On January 12, 2015, the Brennan Center consented to combine the requests with the caveat that "items outside the areas of overlap [be] included in the combined request." The Brennan Center also agreed to narrow its request to "any final memoranda, letters, slides, policies, procedures and/or guidelines," with the exception of a request for written correspondences between CRCL and Lisa Monaco, Assistant to the

President for Homeland Security and Counterterrorism. On April 7, 2015, the Brennan Center received a status update on the combined request in which DHS stated that a search for records was underway and promised to provide an estimated date of completion once it had gathered all of the potentially responsive records. DHS said it "hope[d] to have all search results back by the end of this week." On June 11, 2015, two months later, DHS said there was a "slight backlog of requests" and again promised to "get back to you with an estimated date of completion." The Brennan Center has since attempted to follow up on this request multiple times by phone and email. The Brennan Center called CRCL FOIA Officer Aeron Pineiro on July 15, July 27, and September 9, 2015, but all calls went to voicemail. The Brennan Center also emailed DHS on June 24, June 29, September 9, and November 18, 2015, but received no response. As of the date of this filing, DHS has not provided the Brennan Center with a determination as defined by FOIA. Moreover, DHS has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

<u>FEMA Requests</u>

25. The Brennan Center submitted request **No. 2015-FEFO-00182** to the Federal Emergency Management Agency on December 23, 2014. The request sought the following records:

- Successful grant applications submitted by the State of California, the State of Massachusetts, and the State of Minnesota for federal funding from the "State

Homeland Security Program" and the "Urban Areas Security Initiative" for Fiscal Year 2014, two programs administered by FEMA.

- All supporting documentation and Investment Justifications for each grant application, as well as any communications between FEMA and California, Massachusetts, or Minnesota regarding modifications to their applications.

26. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

27. FEMA acknowledged request No. 2015-FEFO-00182 on March 9, 2015, only after the Brennan Center emailed to request a status update. At that time, FEMA also stated that it had "received the responsive documents" and that "the first phase of processing has been completed." On June 1, 2015, FEMA again stated that "responsive documents have been found, and are soon to undergo a legally mandated review and redaction process." On June 24, 2015, FEMA repeated the same language, adding that the agency is "unable to provide an exact date of completion," but "hope[d] the process won't take too much longer." The Brennan Center attempted to follow up by phone on

July 15 and July 27, 2015, and by email on September 9, 2015. On December 2, 2015, FEMA said via email that the request has been processed and "place[d] in the queue for review." As of the date of this filing, FEMA has not provided the Brennan Center with a determination as defined by FOIA. Moreover, DHS has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

28. The Brennan Center submitted request **No. 2015-FEFO-00508** to FEMA on June 30, 2015. The request sought the following records:

- Successful grant applications submitted by the State of California, the State of Massachusetts, and the State of Minnesota for federal funding from the "State Homeland Security Program" and the "Urban Areas Security Initiative" for Fiscal Year 2015, two programs administered by FEMA.

- All supporting documentation and Investment Justifications for each grant application, as well as any communications between FEMA and California, Massachusetts, or Minnesota regarding modifications to their applications.

29. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a

fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

30. FEMA acknowledged request No. 2015-FEFO-00508 on July 2, 2015, and invoked 5 U.S.C. § 552(a)(6)(B) to extend its response time to a full 30 business days. On December 2, 2015, FEMA said via email that the request has been processed and "place[d] in the queue for review." Once again, the Brennan Center attempted to follow up by phone on July 15, July 27, and September 9, 2015. As of the date of this filing, FEMA has not provided the Brennan Center with a determination as defined by FOIA. Moreover, DHS has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

FBI Requests

31. The Brennan Center submitted request **No. 1318794-000** to the FBI on December 23, 2014. The request sought the following records:

- CVEO ("Countering Violent Extremism Office") bulletins citing, discussing or otherwise referring to the following:
  - The United Kingdom's Prevent Program;
  - The Montgomery County (Maryland) Intervention and Prevention of Violence Subcommittee;

   - The Montgomery County's Faith Community Working Group; and/or
   - The Los Angeles Countering Violent Extremism/Interagency Coordination Group.

- Records uploaded to the Law Enforcement Enterprise Portal Special Interest Group referred to in the October 2014 FBI Law Enforcement Bulletin article entitled *A New Approach to Countering Violent Extremism: Sharing Expertise and Empowering Local Communities* ("the FBI CVE article") that cite, discuss or otherwise refer to the following:
   - The United Kingdom's Prevent Program;
   - The Montgomery County (Maryland) Intervention and Prevention of Violence Subcommittee;
   - The Montgomery County's Faith Community Working Group; and/or
   - The Los Angeles Countering Violent Extremism/Interagency Coordination Group.

- Written correspondences (including e-mails, regular mail and faxes) sent to or sent by the CVEO since August 1, 2011 citing, discussing or otherwise referring to the following:
   - The United Kingdom's Prevent Program;
   - The Montgomery County (Maryland) Intervention and Prevention of Violence Subcommittee;
   - The Montgomery County's Faith Community Working Group; and/or

- The Los Angeles Countering Violent Extremism/Interagency Coordination Group.

32. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. <u>See</u> 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

33. The FBI acknowledged request No. 1318794-000 on January 9, 2015, and granted the Brennan Center's request for expedited processing on February 9, 2015. On June 3, 2015, the FBI released 25 pages of responsive records, withholding an additional page entirely and redacting portions of the records provided. The FBI did not address the Brennan Center's requests for a fee exemption or fee waiver, but the FBI did not charge the Brennan Center any fee for production of these records. On July 31, 2015, the Brennan Center appealed the adequacy of the search and challenged all of the redactions. On September 15, 2015, the FBI denied the appeal in its entirety. Accordingly, the Brennan Center has exhausted the applicable administrative remedies with respect to this request.

34. The Brennan Center submitted request **No. 1318911-000** to the FBI on December 23, 2014. The request sought the following records:

- All policies, procedures, and directives referencing FBI participation in CVE programs, including:
  - Documents referring to the envoy program.
  - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
  - Any other documents referring to CVE programs in:
    - Minneapolis
    - Saint Paul
    - Los Angeles
    - Boston

- All Memorandums of Understanding with outside agencies applicable to FBI participation in CVE programs, including:
  - Documents referring to the envoy program.
  - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
  - Any other documents referring to CVE programs in:
    - Minneapolis
    - Saint Paul
    - Los Angeles
    - Boston

35. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

36. The FBI acknowledged request No. 1318911-000 on January 8, 2015, and granted the Brennan Center's request for expedited processing on February 11, 2015. On June 3, 2015, the FBI released 28 pages of responsive records, withholding an additional page entirely and redacting portions of the records provided. The FBI did not address the Brennan Center's requests for a fee exemption or fee waiver, but the FBI did not charge the Brennan Center any fee for production of these records. On July 31, 2015, the Brennan Center appealed the adequacy of the search and challenged all of the redactions. As of the date of this filing, the Brennan Center has not received a determination of the appeal. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

37. The Brennan Center submitted request **No. 1320714-000** to the FBI on January 23, 2015. The request sought the following records:

- The "2013 version" of a 2010 policy directive titled "Community Outreach in Field Offices," regarding guidelines for community engagement or community outreach.
- Any similar policy directives issued between 2013 and the present.

38. The FBI acknowledged request No. 1320714-000 on January 29, 2015, and denied the Brennan Center's request for expedited processing. The Brennan Center followed up via email on March 5, 2015, and was asked to resend the request to FBI FOIA officer Lauren McGuinn. The Brennan Center re-sent the request on Monday, March 9, 2015. The Brennan Center again followed up by email on June 1, 2015, and was instructed to check the request status via the FBI's email portal. The request has now been listed as "processing" for over ten months. As of the date of this filing, the FBI has not provided the Brennan Center with a determination as defined by FOIA. Moreover, the FBI has not addressed the Brennan Center's requests for a fee exemption or fee waiver. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

39. Requests **Nos. 1339634-000 & 1339641-000** stem from a single request to the FBI submitted on November 4, 2015. The initial request followed news articles published in the *New York Times* and *Washington Post* describing a new CVE effort titled "Don't Be a Puppet," a "game-style Web site about extremism meant to be used by teachers and students to help the [FBI] spot and prevent radicalization of youth." Michelle Boorstein, <u>Muslim activists alarmed by the FBI's new game-like</u>

counterterrorism program for kids, Wash. Post (Nov. 2, 2015), https://www.washingtonpost.com/news/acts-of-faith/wp/2015/11/02/muslims-and-arab-groups-concerned-about-fbi-counter-extremism-program-aimed-at-schools/; accord. Laurie Goodstein, F.B.I. Tool to Identify Extremists Is Criticized, N.Y. Times, Nov. 2, 2015, at A10. The FBI reportedly previewed the effort at a meeting with members of Muslim and Arab advocacy groups. According to the *Post*, the FBI also shared its plan for "Shared Responsibility Committees," described as "proposed groups of community leaders and FBI representatives who could discuss cases of specific youths." Based on this information, the Brennan Center's request sought the following records:

- A copy of the "Don't Be a Puppet" interactive program and all records associated with the program.
- All communications and correspondence (including e-mails, regular mails, and faxes) citing, describing, discussing, or otherwise referring to the "Don't Be a Puppet" program.
- All documents authorizing or describing the authorization process for the creation of the "Don't Be a Puppet" program.
- All memoranda, policies, and/or guidelines that cite, describe, discuss, or refer to the "Don't Be A Puppet" program, and/or the guidelines for its use.
- All materials, including, but not limited to PowerPoint slides, handouts, and documented feedback, distributed, used in, or collected from the two meetings referenced in media accounts where the program was previewed, namely:
    - The October meeting with Muslim and Arab advocacy groups.

  - The meeting with "teachers and students in Northern Virginia"

- All records referencing the names of school districts from whom the FBI "received commitments" to use the site.
- All records, including but not limited to memoranda, policies, guidelines, and plans for the FBI's "Shared Responsibility Committees."
- All communications and correspondence (including e-mails, regular mails, and faxes) citing, describing, discussing, or otherwise referring to the FBI's "Shared Responsibility Committees."

40. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

41. The FBI acknowledged the Brennan Center's request via email on the same day it was submitted, November 4, 2015. At that time, the FBI did not indicate that it intended to split up the request or ask for consent to do so. But on November 19, 2015, the Brennan Center received two letters from the FBI, one responding to the portion of the request involving the "Don't Be a Puppet" program, and a second responding to portion involving "Shared Responsibility Committees." The first letter read, "Subject:

SHARED RESPONSIBILITY COMMITEES" and had been assigned request No. 1339641-000. The second letter read, "Subject: ALL RECORDS ASSOCIATED WITH 'DON'T BE A PUPPET' INTERACTIVE PROGRAM" and had been assigned request No. 1339634-000.

42. Regarding request No. 1339641-000 ("Shared Responsibility Committees"), the FBI's November 19 letter stated that it had conducted a search of its Central Records System and was "unable to identify main file records responsive" to the request. As a result, the FBI stated that is was "unnecessary to adjudicate your request for a fee waiver as no responsive main files were found." The FBI never addressed the Brennan Center's request for expedited processing. On December 4, 2015, the Brennan Center appealed the adequacy of the search, referencing the news reports and a firsthand account of the meeting in which the FBI invited participants to review a memorandum of understanding detailing the roles and responsibilities of the "Shared Responsibility Committees." The FBI acknowledged the appeal on December 17, 2015, and assigned it number AP-2016-00897. On January 13, 2016, the FBI denied the appeal, stating that the FBI "could locate no responsive main file records subject to the FOIA in its files." Accordingly, the Brennan Center has exhausted the applicable administrative remedies with respect to this request.

43. Regarding request No. 1339634-000 ("Don't Be a Puppet"), the FBI's November 19 letter stated that a search for responsive documents was underway. But the FBI also denied the Brennan Center's request for expedited processing as well as the

Brennan Center's request for a fee waiver, rejecting the Center's status as a noncommercial scientific institution, an educational institution, and a representative of the news media. On December 4, the Brennan Center appealed both status determinations. On January 13, 2016, the FBI acknowledged the appeal, assigned number AP-2016-00898, and reversed half of its initial decision and granted the Brennan Center's request for expedited processing. The FBI did not respond to the Brennan Center's fee waiver appeal. To date, the FBI has not provided a substantive determination of the Brennan Center's request, despite the grant of expedited processing. Instead, the FBI informed the Brennan Center via telephone on January 19, 2015, that a determination should not be expected for another 465 days. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

<u>EOUSA Requests</u>

44. The Brennan Center submitted a single request to the Executive Office of United States Attorneys on December 23, 2014. The request sought the following records:

- All policies, procedures, and directives referencing EOUSA, USAO for the Central District of California, USAO for the District of Minnesota, or USAO for the District of Massachusetts participation in CVE programs, including:
  - Documents referring to the envoy program
  - Documents referring to the pilot programs announced by Attorney General

    Eric Holder in his September 2014 press release.

  - Any other documents referring to CVE programs in:
    - Minneapolis
    - Saint Paul
    - Los Angeles
    - Boston

- All Memorandums of Understanding with outside agencies applicable to EOUSA, USAO for the Central District of California, USAO for the District of Minnesota, or USAO for the District of Massachusetts participation in CVE programs, including:
  - Documents referring to the envoy program
  - Documents referring to the pilot programs announced by Attorney General Eric Holder in his September 2014 press release.
  - Any other documents referring to CVE programs in:
    - Minneapolis
    - Saint Paul
    - Los Angeles
    - Boston

45. The Brennan Center sought an exemption from search and review fees as a noncommercial scientific institution, an educational institution, and a representative of the news media under 5 U.S.C. § 552(a)(4)(A)(ii)(II). The Brennan Center also sought a

fee waiver as a noncommercial requester acting in the public interest. See 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 1700.2(h)(4). And finally, the Brennan Center sought expedited processing pursuant to 5 U.S.C. § 552(6)(E) and 6 C.F.R. § 5.5(d)(1)(ii) because there is an urgency to inform the public about the government's CVE initiative.

46. EOUSA divided this request into three parts, assigning a different request number for each of the three U.S. Attorney Offices.

47. Request **No. 2015-01039** concerns the U.S. Attorney's Office for the District of Massachusetts, as acknowledged by EOUSA on January 27, 2015. EOUSA never addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. But on June 23, 2015, EOUSA released 30 pages of responsive documents in full and withheld four pages. EOUSA did not charge the Brennan Center any fee for production of these records. On August 17, 2015, the Brennan Center appealed the adequacy of the search as well as the determination to withhold responsive material. On September 1, 2015, EOUSA acknowledged the appeal and assigned it No. AP-2015-05530. On January 13, 2016, EOUSA denied the appeal, affirming the decision to withhold certain information pursuant to 5 U.S.C. § 552(b)(5), and affirming the adequacy of the original search. Accordingly, the Brennan Center has exhausted the applicable administrative remedies with respect to this request.

48. Request **No. 2015-01038** concerns the U.S. Attorney's Office for the Central District of California, as acknowledged by EOUSA on January 27, 2015. EOUSA

never addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. But on June 23, 2015, EOUSA released 16 pages in full and withheld four pages entirely. EOUSA did not charge the Brennan Center any fee for production of these records. On August 17, 2015, the Brennan Center appealed the adequacy of the search as well as the determination to withhold responsive material. On September 1, 2015, EOUSA acknowledged the appeal and assigned it No. AP-2015-05528, promising to notify the Brennan Center of its decision "as soon as we can." As of the date of this filing, the Brennan Center has not received a determination of its appeal. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

49. Request **No. 2015-01035** concerns the United States Attorney's Office for the District of Minnesota, as acknowledged on January 27, 2015. To date, the Brennan Center has not received a determination of this request. The Brennan Center followed up by phone on March 10, June 1, and June 24, 2015. On June 24, EOUSA told the Brennan Center that its main office was still waiting for a response from Minnesota. As of the date of this filing, EOUSA has not provided the Brennan Center with a determination as defined by FOIA. Moreover, EOUSA has not addressed the Brennan Center's requests for a fee exemption, fee waiver, or expedited processing. The Brennan Center has therefore constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

## First Cause of Action

(Violation of FOIA for failing to expedite the Brennan Center's requests)

50. The Brennan Center repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

51. Defendants' failure to expedite the processing of the Brennan Center's requests violates FOIA, 5 U.S.C. § 552(a)(6)(E), as well as Defendants' corresponding regulations.

**Second Cause of Action**

(Violation of FOIA for failing to respond to the Brennan Center's requests)

52. The Brennan Center repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

53. Defendants' failure to timely respond to the Brennan Center's requests violates FOIA, 5 U.S.C. § 522(a)(6)(A), as well as Defendants' corresponding regulations.

**Third Cause of Action**

(Violation of FOIA for failure to make records available)

54. The Brennan Center repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55. Defendants' failure to make reasonable efforts to search for records responsive to the Brennan Center's requests violates FOIA, 5 U.S.C. § 552(a)(3)(C), as well as Defendants' corresponding regulations.

56. Defendants' failure to make available the records requested by the Brennan Center violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as Defendants' corresponding regulations.

57. Defendant DOJ's withholdings of specific responsive records, or portions thereof, violates FOIA, 5 U.S.C. § 552(a)(3)(A), 6(A), as well as Defendant DOJ's corresponding regulations.

**Fourth Cause of Action**

(Violation of FOIA for failing to grant fee exemptions or waivers)

58. The Brennan Center repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

59. Defendants' failure to grant the Brennan Center's requests for a public interest fee waiver violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), as well as Defendants' corresponding regulations.

60. Defendants' failure to grant the Brennan Center's requests for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), as well as Defendants' corresponding regulations.

## **Relief Requested**

WHEREFORE, Plaintiff Brennan Center for Justice respectfully prays that this Court:

a. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

b. Declare that the records sought by the Brennan Center in its FOIA requests are public under 5 U.S.C. § 552 and must be disclosed;

c. Order Defendants immediately to provide the Brennan Center full and unredacted copies of those records;

d. Award the Brennan Center the costs of this proceeding, including reasonable attorneys' fees as expressly permitted by FOIA; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Michael Price*

Michael Price
Brennan Center for Justice
at New York University
School of Law
161 Avenue of the Americas
New York, New York 10013
(646) 292-8335
michael.price@nyu.edu